**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **John Latimer**<br>1266 Wayside Drive<br>Lima, OH 45805 | Case No. 3:19-cv-2845 |
| | Judge |
|     Plaintiff, on his own behalf<br>    and on Behalf of the Class<br>    defined herein, | <u>**CLASS ACTION COMPLAINT**</u> |
| | Action for FMLA Interference and Class<br>Certification |
| v. | |
| | (Jury Demand Endorsed Hereon) |
| **Ford Motor Company**<br>1 American Road<br>Dearborn, MI 48126 | |
|     c/o CT Corporation System<br>    4400 Easton Commons Way<br>    Suite 125<br>    Columbus, OH 43219 | Attorneys for Plaintiff<br><br>Dennis E. Murray, Jr. (0038509)<br>Jake A. Elliott (0093521)<br>MURRAY & MURRAY CO., L.P.A. |
|     Defendant. | 111 E. Shoreline Drive<br>Sandusky, Ohio 44870-2517<br>Telephone:  (419) 624-3000<br>Facsimile: (419) 624-0707<br>dmj@murrayandmurray.com<br>jae@murrayandmurray.com |

1.      Plaintiff John Latimer, individually and on behalf of a proposed class of all others similarly situated, submits this Complaint against Defendant Ford Motor Company, to obtain money damages against the Defendant for systematically interfering with rights guaranteed under the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, through penalties associated with the reduction in employee paid vacation time under Ford's collective bargaining agreement with The International Union, United Automobile, Aerospace, and Agricultural Implement Workers

of America, better known as the United Automobile Workers (UAW). Plaintiff further states as follows:

## THE PARTIES

2.      Plaintiff/Class Representative John Latimer is an individual who resides in Lima, Ohio.  At all times relevant to the actions of this Complaint, Latimer was and is employed by Defendant Ford at Ford's Lima Engine Plant located in Lima, Ohio.

3.      Defendant Ford Motor Company ("Ford") is a Delaware corporation with its principal office at One American Road at Michigan Avenue, Dearborn, Michigan. The registered agent for service of process on Ford in Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## JURISDICTION AND VENUE

4.      Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs.

5.      This Complaint is brought by Plaintiff, a citizen of Ohio.

6.      Defendant Ford is a Delaware Corporation with its principal place of business in Michigan, and with operations located in the State of Ohio.

Plaintiff brings this action pursuant to the Family and Medical Leave Act ("FMLA") at 29 U.S.C. § 2601, *et seq.*  This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claim arises under the laws of the United States.

## COMMON FACTUAL BACKGROUND

7.      Defendant Ford Motor Company is in the business of designing and manufacturing automobiles and employs approximately 191,000 people worldwide. Approximately 55,000 of those employees are members of the UAW.

8.      Ford is a "covered employer" within the meaning of the FMLA. 29 CFR § 825.104.

9.      Ford owns and operates a production plant in Lima, Ohio, known as the Lima Engine Plant, which employs approximately 1500 individuals at any given time.

10.     Ford's UAW-Member employees, at the Lima Engine Plant and elsewhere, are subject to the terms and conditions of the Ford/UAW Collective Bargaining Agreement.

11.     At all times relevant to this Class Action Complaint, Ford's UAW-Member employees, including Plaintiff John Latimer, were subject to the terms and conditions of the Ford/UAW Collective Bargaining Agreement effective November 23, 2015 (the "CBA").  A copy of the relevant portion of the CBA is attached as Ex. 1.

12.     According to the terms of the CBA, UAW-Member employees receive a guaranteed Vacation Entitlement based on a number of factors including employee seniority, years on the Company's active employment rolls, and maintaining absences below a certain threshold level. *See* Ex. 1, Art. IX, §24(a). Article IX, Section 24(b) sets forth the schedule for employee vacation entitlement:

**Section 24. Vacations – Amount; Eligibility Rules**

\* \* \*

(b) **One or More Year Employees**

(1) An employee with one or more years of seniority on his vacation eligibility date

(i)  who is enrolled on the active employment rolls of the Company for thirty-two (32) or more weeks, and

(ii)  whose absences have not aggregated more than thirty-five (35) days, shall be entitled to a vacation during the vacation period as follows:

| Years of Seniority | Years on Active Rolls | Vacation Entitlement |
|---|---|---|
| 1 but less than 3 | One year or more | 2 weeks'-and 2 days vacation with 96 hours' pay |
| 3 but less than 5 | At some time in each of any 3 years | 2-1/2 weeks' vacation with 100 hours' pay |
| 5 but less than 10 | At some time in each of any 5 years | 3 weeks' vacation with 120 hours' pay |
| 10 but less than 15 | At some time in each of any 10 years | 3-1/2 weeks' vacation with 140 hours' pay |
| 15 but less than 20 | At some time in each of any 15 years | 4 weeks' vacation with 160 hours' pay |
| 20 or more | At some time in each of any 20 years | 5 weeks' vacation with 200 hours' pay |

13.    In other words, UAW-Member employees are guaranteed their bargained-for vacation time under the schedule—and based on the criteria—set forth in the CBA.

14.    If a UAW-Member employee fails to meet the requirements of either or both of Article IX, Section 24(b)(1)(i) or (ii), the employee is penalized with a reduction of his or her Vacation Entitlement on his or her next vacation eligibility date.

15.    For example, under Article IX, Section 24(b)(3) of the CBA, any UAW-Member employee whose aggregated absences exceed the thirty-five day threshold during this period is penalized with a 40-hour reduction in his or her Vacation Entitlement:

4

(3) An employee who meets all of the other eligibility requirements for a full vacation entitlement but whose absences have aggregated more than thirty-five (35) days shall have his entitlement reduced by one week, or forty (40) hours.

16.    The CBA also sets forth a number of categories of absences which do not count towards a UAW-Member employee's aggregated absences:

(h) **Time Excluded from Absence Count**

(1) When employees are absent from their regularly scheduled work because of work injury, occupational disease, leave of absence for reserve military training, Union Leave of Absence pursuant to Article VIII, Section 31(a), or Family and Medical Leave Act leave to care for the employee's qualified family members with a serious health condition, or because of the birth of an employee's child or placement of a child with the employee for adoption or foster care, such absent time will not be counted in computing the thirty-five (35) days of absence.

17.    In addition to FMLA leave exercised for the purposes listed in Article IX, Section 24(h), the FMLA entitles eligible employees to take leave because of an employee's own serious health condition that makes the him or her unable to perform the functions of the position. 29 U.S.C. § 2612(a)(1)(D).

18.    Plaintiff John Latimer has been a UAW-member employee at the Lima Engine Plant since 2000.

19.    In approximately 2007, Latimer applied for intermittent leave under the FMLA because of migraine headaches that he has suffered since 1977.

20.    Latimer was and is an "eligible employee" within the meaning of the FMLA at 29 U.S.C. § 2611(2).

5

21.     At that time, Ford reviewed Latimer's application and approved him for intermittent FMLA leave. Latimer was authorized to take FMLA leave as needed when his migraines were sufficiently severe that he was not able to work.

22.     From the time he was approved for leave in approximately 2010, Latimer periodically took intermittent FMLA leave.

23.     Each time Latimer took intermittent FMLA leave for his migraines, Ford assessed a full or partial absence aggregated towards the thirty-five (35) absence penalty.

24.     Most years, this was not an issue for Latimer, as he did not ordinarily reach the thirty-five (35) aggregated absences to trigger the penalty. However, in 2018, Latimer suffered an unusually high number of migraines, requiring him to exercise his FMLA leave more frequently.

25.     Ordinarily, due to his seniority, Latimer received a Vacation Entitlement of 4 weeks, or 160 paid hours. However, as a result of his exercise of FMLA leave, combined with other absences, Latimer exceeded the thirty-five (35) aggregated absences in 2018. Latimer was penalized with a forty (40) hour reduction in his vacation pay at the time of his June 1, 2019 vacation eligibility date.

26.     Had Latimer's FMLA absences in 2018 properly been categorized as "Excused" and consistent with the FMLA, his Vacation Entitlement would not have been reduced.

27.     The combined effect of the Article IX, Section 24(b)(3) and Section 24(h) provisions is that Plaintiff John Latimer, and other similarly situated employees entitled to exercise FMLA leave, who exercise their FMLA leave appropriately for their <u>own</u>

6

serious health conditions, have suffered a reduction in their Vacation Entitlements, based either solely on the exercise of FMLA leave or in tandem with other absences aggregated towards the thirty-five (35) absence total.

28.     UAW-Member employees who are eligible to receive FMLA for their own serious health conditions are therefore forced to decide between 1) taking their approved FMLA leave; or2) suffering a loss of the vacation benefits bargained for under the CBA.

29.     Upon information and belief, Ford has wilfully enforced this policy in knowing violation of the FMLA, or reckless disregard of FMLA requirements, since at least 2015.

30.     For example, supervisors criticized Latimer for exercising his FMLA leave on multiple occasions, commenting on one such occasion that "people who take FMLA don't want to work, don't want to come to work."

31.     Ford also frequently broadcasts throughout the Lima Engine plant that absenteeism, including the use of FMLA leave, is a source of "low morale & [sic] team tension" among plant employees. *See* Ex. 2

## CLASS ACTION ALLEGATIONS

32.     Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs.

33.     Plaintiff brings this action under Fed.R.Civ.P. 23 on behalf of himself and the other members of the Plaintiff Class defined below.

34.     The named Plaintiff brings this action on behalf of himself and the following Plaintiff Class comprising:

UAW-Member Employees of Ford Motor Company:

1) who, during the three years prior to the filing date of this Complaint;

2) had their guaranteed vacation entitlement reduced by forty (40) hours on one or more occasions;

3) because their use of approved FMLA leave for their own serious health condition caused them to exceed thirty-five (35) days of aggregated absences.

Excepted from the foregoing class are persons who have filed separate actions requesting the relief sought here and those who have resolved claims requesting the relief sought here.  The proposed Class therefore does not include any employees whose Vacation Entitlement would otherwise have been reduced because of 35 or more absences even without FMLA absences for the employee's own serious health condition.

35.    Because Ford employs many tens of thousand of UAW-Member employees, upon information and belief, the members of the Class exceed 100 in number, making joinder of all Class members impracticable.

36.    The members of each Class can be identified by review of Ford's business records, including records required to be maintained pursuant to 29 CFR §825.500. Upon information and belief, such review can be hastened and facilitated by electronic search methods.

37.    There are common questions of fact and law affecting all members of the Classes, including:

a. Whether including FMLA leave for the employees' own serious health conditions when calculating aggregated absences complies with the FMLA; and

8

      b.   Whether Ford unlawfully interfered with class members' right to take leave under the FMLA, or impermissibly penalized them for taking it.

38.    Plaintiff's claim is typical of all members of the Class.  Plaintiff exercised FMLA leave for his own serious health condition during the relevant time period and was penalized with a forty (40) hour reduction of his Vacation Entitlement.

39.    The Plaintiff is an adequate representative of the Class members because: i) he is a member of the Class; ii) the claim he asserts in the Complaint are typical of the claims of the Class members; iii) Plaintiff's claim is not subject to any unique defenses, iv) Plaintiff's interests do not conflict with those of any other Class member.

40.    The named Plaintiff will fairly and adequately protect the interests of the Class.  None of the Plaintiff's interests conflict with any interest of the Class.

41.    The questions of law and fact common to the Class predominate over any issues affecting individual Class members because the class members present uniform issues concerning Defendant's interference with the exercise of rights guaranteed under the FMLA. Defendant has acted or refused to act on grounds applicable to all members of the proposed class.

42.    This class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein because there are more than 100 members in the proposed Class and repeated individual discovery and litigation of the common issues shared by all Class members would needlessly waste judicial resources and because Class members fear retaliation by Defendant which has the ability to

reduce their future income. The names and addresses of Class members will be readily identifiable from records of Defendant and through discovery of this action.

43.     The claims set forth herein are proper for certification as a class action under the provisions of Rule 23 of the Federal Rules of Civil l Procedure.

44.     The Class members' interests in individually controlling the prosecution of separate actions do not outweigh the benefits of class-based litigation on those issues.

45.     It is desirable to concentrate the litigation of these claims in one forum. Any difficulty in managing this case as a class action is outweighed by the benefits the class action has in efficiently disposing of common issues of law and fact among the large number of litigants.

46.     The prosecution of this civil action by all Class members individually in separate actions would create a risk of inconsistent or varying adjudications of claims by the individual Class members that would establish incompatible standards of conduct for Defendant, could be dispositive of interests of other Class members not parties to the adjudications, or substantially impair or impede Class members' abilities to protect their interests.

47.     Furthermore, Plaintiff has retained competent counsel experienced in class action litigation to further insure such representation and protection of the Class. To prosecute this case, the prospective Class Representative has chosen the law firm of Murray and Murray Co., L.P.A. of Sandusky, Ohio, a firm with ample experience in complex litigation and class actions. Plaintiff and his counsel intend to vigorously prosecute this action.

## **Defendant's Uniform and Systematic FMLA Interference**

48.     Plaintiff repeats and incorporates all previously pleaded averments.

49.     At all times relevant hereto, Plaintiff and members the Proposed Class were duly approved by Ford to take FMLA leave and indeed took such leave.

50.     By utilizing a Vacation Entitlement policy that penalizes UAW-Member employees who take FMLA leave by, as set forth above, including the use of FMLA leave for employees' own serious health conditions within the calculation of aggregated absences for the purposes of Vacation Entitlement reduction, Ford unlawfully interfered with their right to take FMLA leave.

51.     Plaintiff and members of the Plaintiff Class were unlawfully damaged and discouraged from using FMLA leave, by being subject to a reduction in Vacation Entitlement as a consequence of using FMLA leave, Plaintiff and members of the Class are entitled to an award of all legal and equitable remedies available under 29 U.S.C. §2617.

**WHEREFORE**, the Plaintiff respectfully demands on behalf of himself and the members of the Class:

a.  That this action be certified as a class action as soon as practicable, with the named Plaintiff serving as Class Representative and undersigned counsel as Class Counsel;

b.  That this Court find that the Defendant Ford Motor Company has violated the FMLA by factoring approved FMLA leave in its calculation of forty (40) hour reductions in Plaintiff's and Class Members' Vacation

Entitlement, which impermissibly discouraged and penalized Plaintiff's and Class Members' exercise of FMLA leave;

c.  That the conduct of Defendant alleged in this Complaint be ordered, adjudicated and decreed to be unlawful;

d.  That the Plaintiff and the Class members recover full compensatory damages against Defendant as determined by the jury in this case, and that the Plaintiff and the Class members be awarded pre- and post-judgment interest on the amount of the judgment;

e.  Liquidated damages as provided in 29 U.S.C. § 2617(a)(1)(A)(iii).

f.  That the Plaintiff and the Class members be awarded reasonable attorneys' fees, litigation expenses, and the costs of this action; and

g.  That the Plaintiff and the Class members be provided any additional relief that is just and proper and to which the Plaintiff and the Class members are entitled, either in law or equity.

Respectfully Submitted,

*s/ Dennis E. Murray, Jr.*
Dennis E. Murray, Jr. (0038509)
Jake A. Elliott (0093521)
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870-2517
Telephone: (419) 624-3000
Facsimile: (419) 624-0707
dmj@murrayandmurray.com
jae@murrayandmurray.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

*s/ Dennis E. Murray, Jr*
Dennis E. Murray, Jr. (0038509)
MURRAY & MURRAY CO., L.P.A.

*Attorney for Plaintiff*
